UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KARL P. GASPER,

              Plaintiff,              Case No. 1:10-cv-593

v.                                            Honorable Paul L. Maloney

BARBARA SAMPSON et al.,

              Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Sampson and Nolan for failure to state a claim upon which relief may be granted. The Court will serve the amended complaint against Defendants Barnwell, Sabin and Steed.

**Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Gus Harrison Correctional Facility. In his *pro se* amended complaint, Plaintiff sues Michigan Parole Board Chairperson Barbara Sampson, Montcalm County Sheriff William J. Barnwell, Montcalm County Jail Administrator L.M. Sabin, Parole Agent Supervisor Donald Nolan and Parole Agent Brian Steed.

Plaintiff claims that on January 8, 2008, he was arrested on charges of larceny and malicious destruction of property. Because he was on parole at the time, Defendant Steed issued a parole detainer. (*See* Parole Detainer, Page ID#23.) Plaintiff claims that he posted bond with regard to the new charges on June 3, 2008, but remained incarcerated on the parole detainer. Defendant Steed came to the jail on June 4, 2008 and informed Plaintiff that the parole board had reinstated his parole. However, Plaintiff was held at the Montcalm County Jail until Steed issued a release of parole detainer almost a month later on July 2, 2008. (*See* Release of Parole Detainer, Page ID#24.) Plaintiff subsequently pleaded guilty to the larceny charge on August 12, 2008 and was sentenced on October 9, 2008, to imprisonment of fourteen months to five years.[1] Plaintiff claims that he was unlawfully imprisoned at the Montcalm County Jail by Defendants Barnwell and Sabin from June 4 until July 2, 2008. Plaintiff seeks declaratory relief as well as monetary damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

---

[1] Plaintiff does not allege whether he received credit for time served between June 4 and July 2, 2008.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

Plaintiff does not make any specific factual allegations against Defendants Sampson and Nolan. Rather, Plaintiff sues Defendants Sampson and Nolan by virtue of their supervisory positions. Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Sampson and Nolan engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Sampson and Nolan will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court will serve the amended complaint against Defendants Steed, Barnwell and Sabin.

An Order consistent with this Opinion will be entered.


Dated:   October 27, 2010            /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                         Chief United States District Judge