UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KARL GASPER, # 156858, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-593 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| BRIAN STEED, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. The lawsuit arises out of plaintiff's confinement in the Montcalm County jail from June 4, 2008, through July 2, 2008. The only defendant who has been served with process and appeared at this juncture is Michigan Parole Agent Brian Steed. Plaintiff sues Steed in his individual and official capacities and seeks damages and injunctive relief.[1]

The matter is now before the court on defendant Steed's motion for summary judgment. (docket # 44). Plaintiff has filed his response (docket # 51) and defendant's motion is ready for decision. For the reasons set forth herein, I recommend that plaintiff's request for injunctive relief be dismissed as moot. I recommend that plaintiff's claims for damages against defendant Steed in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendant's motion for summary

_____

[1]In an order entered earlier today, I granted plaintiff leave to file a second amended complaint adding Paula Garver and Julie Goldman as defendants. The substance of plaintiff's allegations against defendant Steed remains unaltered.

judgment be granted and that a partial judgment be entered in defendant Steed's favor on all plaintiff's claims for damages against him in his individual capacity.

## Applicable Standards

### A.     Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party

has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056

(same).  Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

    **B.**    **Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendant Steed has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  In *Jones v. Bock*, the Supreme Court held that exhaustion is an affirmative defense, and prisoners "are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216.  The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered."  549 U.S. at 220.  The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.  549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81

(2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 674 (6th Cir. 2009); *see also Siggers v. Campbell*, No. 09-2404, __ F.3d __, 2011 WL 3134354, at * 9 (6th Cir. July 27, 2011). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. 548 U.S. at 90-93; *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 ¶ R (effective 07/09/2007)[2] requires that the prisoner name within the body of his grievance the person whose conduct is challenged. In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the prisoner's grievance. The following is an overview of the grievance process. Inmates must first "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his or her control." *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form

---

[2]A copy of Policy Directive 03.02.130 is found in the record (docket # 45-2, ID #s 239-45).

within five business days of the attempted resolution.  *Id.*  The inmate submits the grievance to a designated grievance coordinator, who determines whether it should be rejected under MDOC policy or assigns it to a respondent.  *Id.* at ¶¶ W, X.  Prisoners are required to use "a Prisoner/Parolee Grievance (CSJ 247A) [form] to file a Step I grievance."  *Id.* at ¶ R.  If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.  The respondent at Step II is designated by the policy.  The warden is generally the Step II respondent.  *Id.* at ¶ DD.  If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ FF.  The Grievance and Appeals Section is the Step III respondent.  *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ S.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing."  *Id.*

    Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process.  An argument that it would have been futile to file a grievance does not suffice.  *See Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011).  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because

his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir. 2004).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is currently an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. Defendant Brian Steed is employed by the State of Michigan in the MDOC as a probation/parole agent for Montcalm County. Steed was plaintiff's parole agent in June and July 2008. (Steed Aff. ¶¶ 1-3).

On January 8, 2008, plaintiff was on parole and under the jurisdiction of the MDOC, when he was arrested on new criminal charges. (Steed Aff. ¶¶ 3, 4). On January 8, 2008, Steed placed a parole detainer on plaintiff. A parole violation warrant was issued on January 14, 2008. Plaintiff was held at the Montcalm County jail on new criminal charges both at the time the detainer was filed and the warrant was issued. (*Id.* at ¶ 5). On June 3, 2008, Steed received notice that plaintiff had made bond and was available to the MDOC for proceedings on his parole violation. (*Id.* at ¶ 6). On June 4, 2008, Steed recommended that plaintiff's parole be reinstated and that plaintiff remain in local custody until his maximum discharge date. Plaintiff's maximum discharge date was July 2, 2008, less than one month after he posted bond in Montcalm County. MDOC supervisory staff adopted Steed's recommendation. (*Id.* at ¶ 7; MDOC Parole Violation Worksheet and Decision, docket # 51-1, ID # 274; Order of Warrant Revocation and Reinstatement of Parole, docket # 51-1, ID # 273).

On July 2, 2008, Steed met with plaintiff at the Montcalm County jail and gave him his parole discharge paperwork.  After plaintiff received these papers, Steed released the parole detainer and plaintiff was released from custody.  (Steed Aff. ¶ 8; Parole Board Order for Discharge from Sentence, docket # 45-3, ID # 253; 7/2/08 Release of Parole Detainer, docket # 45-3, ID # 254).

The only grievance plaintiff filed and pursued through a Step III decision was his January 27, 2009 grievance against the Michigan Parole Board:

> As an operation of law, Karl Gasper must exhaust ALL his administrative remedies before going to the courts therefore, Karl Gasper, says the following:
>
> STATEMENT OF FACTS
>
> 1.   On January 8, 2008, Karl Gasper (156858) was arrested and charged with MCL 750.3563 and MCL 750.377A1B1.
>
> 2.   Karl Gasper was under the jurisdiction of the Michigan Department of Corrections/Parole Board as a parolee, when arrested and charged with above charges.
>
> 3.   On June 3, 2008, Karl Gasper (156858), a state parolee made bail.

(Grievance No. OCF 09-01-00069-27d, docket # 45-2 at ID # 248).  The grievance was denied at Steps I and II of the grievance process.  (*Id.* at ID #s 247-48).  On April 1, 2009, the MDOC issued its Step III decision denying plaintiff's grievance because it was untimely and because plaintiff failed to attempt to resolve the matter with MDOC staff before filing his grievance:

> The investigator has reviewed the record presented with the appeal to Step Three.  The grievant presented his issues in a question format rather than providing a clear and concise description of the issue being grieved.  It appears, however, that his primary complaint involves events which occurred in June-July 2008.  The grievance was not submitted until 1-29-09, which is untimely per PD 03.02.130, with no valid reason given for the delay.  In addition, PD 03.02.130 requires an attempt to resolve the issue with involved staff prior to submission of a written grievance.  There is no requirement that this attempt be in person, therefore, a kite/letter to the Parole Board would have been sufficient.  The grievant failed

to indicate that such an attempt to resolve was prevented by circumstances beyond his control.  Therefore, this grievance appeal is denied.

(docket # 45-2 at ID # 246).   On June 22, 2010, plaintiff filed this lawsuit.

## Discussion

### 1.      Mootness

Plaintiff is an inmate at the Gus Harrison Correctional Facility (ARF).  It has been years since he was last held in the Montcalm County jail.  Plaintiff's request for injunctive relief is moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### 2.      Eleventh Amendment Immunity

All plaintiff's claims for damages against defendant Steed in his official capacity are barred by Eleventh Amendment  immunity.  A suit against a state officer in his official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment generally[3] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006).  The State of Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th

---

[3] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional.  *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005) (*en banc*).

Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Steed is entitled to judgment in his favor as a matter of law on plaintiff's claims for damages against him in his official capacity.

     **3.    Exhaustion**

     Defendant Steed has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Plaintiff filed his grievance on January 27, 2009, seven months after the alleged actions taken by defendant. Plaintiff's grievance was denied as untimely. I find that defendant has carried his burden on the affirmative defense. Defendant Steed is entitled to judgment in his favor as a matter of law, because plaintiff's untimely grievance did not properly exhaust his claims. *See Scott v. Ambani*, 577 F.3d at 647 ("*Woodford* makes clear that a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance."). Policy Directive 03.02.130 required that plaintiff bring the situation to Steed's attention within two days. His grievance was not filed until seven months had elapsed. Plaintiff attempts to excuse his delay by arguing that he did not know that his rights had been violated until months later, when he was returned to prison and had access to the law library. The Sixth Circuit has held that "[a] plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier*, 636 F.3d at 221 n.2. Plaintiff knew all he needed to know on June 4, 2008, when he made bail yet was not released. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires adherence to agency's deadline).

Furthermore, plaintiff failed to name Steed in the grievance, as required by the policy directive.  Contrary to plaintiff's argument the MDOC has not "circumvented" *Jones v. Bock*, 549 U.S. 199 (2007), by amending the policy directive to require a grievance to name specific respondents.  *Jones* merely held that the federal courts should not embellish state procedural rules with additional procedural requirements.  At the time *Jones* was decided, MDOC policy did not expressly require the naming of specific grievance respondents.  549 U.S. at 218.  The Court held that the federal courts should not enforce a procedural requirement that does not appear in the prison regulation.  *Id.*  Michigan amended its regulation, effective July 9, 2007, to contain an express requirement of naming respondents.  The Sixth Circuit recognizes that the amendment is valid and reasonable, and that nothing in *Jones* allows the district court to ignore the amendment.  *Sullivan*, 316 F. App'x at 470.  Plaintiff's failure to name Steed as a respondent therefore provides a second ground to find his claim unexhausted, in addition to untimeliness.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for damages against defendant Steed in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity.  I further recommend that plaintiff's request for injunctive relief be dismissed as moot.  I further recommend that defendant's motion for summary judgment (docket # 44) be granted and that a partial judgment be entered in defendant Steed's favor on all plaintiff's claims for damages against him in his individual capacity.


Dated:   September 28, 2011          /s/  Joseph G. Scoville
                                     United States Magistrate Judge

-11-

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)

-12-